

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~JOHN SEXTON SURFACE~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Hon. Ray Winder
County Attorney
Cooke County
Gainesville, Texas

Opinion No. O-6960
Re: In a city bond election for the purpose of acquiring right of way incident to the proposed construction of a Federal-State Highway through the City of Gainesville, is a majority vote of the qualified property taxpaying voters voting in such election sufficient to authorize the issuance of such bonds, or is it necessary for two-thirds of such voters to authorize the issuance of same?

Dear Sir:

We have received and carefully considered your request for an opinion of this Department on three questions which we quote from your letter as follows:

"Your opinion is desired with respect to the following three questions:

"(1) In a bond election for the purpose of acquiring right of way incident to proposed construction of a Federal-State Highway through the City of Gainesville, is a majority vote of the qualified property taxpaying voters of said City, voting in such election, sufficient to authorize issuance of such bonds, or is it necessary for two-thirds of such voters to authorize the issuance of same?

"(2) In a county-wide bond election for the purpose of acquiring right of way for a Federal-State Highway, is it necessary that two-thirds of the duly qualified property taxpaying voters authorize such bonds, or is a majority of such voters sufficient?

"(3) If the Commissioners' Court of Cooke County complies with Article 2368a relative issuance of warrants for the purchase of right-of-way for a proposed Federal-State Highway, and if a referendum is necessitated, as in said Article

provided, will a majority of the qualified taxpaying voters voting in a county-wide election for the purpose, be sufficient to authorize the issuance of said warrants? Or are two-thirds of such votes required?"

We will answer your three questions in numerical order.

1. We quote from subsection 10 of Article 1175, Revised Civil Statutes:

"The power to control and manage the finances of any such city; to prescribe its fiscal year and fiscal arrangements; the power to issue bonds upon the credit of the city for the purpose of making permanent public improvements or for other public purposes in the amount and to the extent provided by such charter, and consistent with the Constitution of this State; provided, that said bonds shall have first been authorized by a majority vote by the duly qualified property taxpaying voters voting at an election held for that purpose. . . ."

Under the provisions of Article 1175, R.C.S., Home Rule cities are granted authority to construct and improve the streets of said cities. Gainesville is a Home Rule City.

You are respectfully advised in answer to Question No. 1 that the City of Gainesville may issue its street improvement bonds when a majority of the qualified property taxpaying voters of said city authorizes the issuance of said bonds at an election held for that purpose.

2. If the proposed bonds are to be issued under the provisions of Section 52 of Article 3 of the State Constitution, it will take a two-thirds vote of the qualified taxpaying voters of said county voting at election called for that purpose to authorize the issuance of county-wide road bonds. The statute authorizing the issuance of bonds under the provisions of Section 52, Article 3 of the State Constitution is Article 752h and provides that if two-thirds of the property taxpaying voters voting at such election cast their votes in favor of the issuance of said bonds the Commissioners' Court would be authorized to issue the bonds.

If the bonds are issued under authority of Section 9,

Article 8 of the State Constitution, then the required vote would be controlled by Article 719, which provides as follows:

"If a majority of the property taxpaying voters voting at such election shall vote in favor of the proposition, then such bonds shall thereby be authorized and shall be issued by the Commissioners' Court."

You are therefore respectfully advised that if the county desires to purchase the right of way under the provisions of Section 9 of Article 8, the same being the county road and bridge fund, a majority vote of the qualified voters voting at an election could authorize the issuance of said bonds.

3. Section 4 of Article 2368a provides, in part, as follows:

"If, by the time set for the letting of the contract, as many as ten per cent (10%) in number of the qualified voters of said county, or city, as the case may be, whose names appear on the last approved tax rolls as property taxpayers, petition the Commissioners' Court or governing body, in writing, to submit to a referendum vote the question as to the issuance of bonds for such purpose, then such Commissioners' Court, or governing body, shall not be authorized to make said expenditure, and shall not finally award said contract unless the proposition to issue bonds for such purpose is sustained by a majority of the votes case at such election."

If the Commissioners' Court of Cooke County attempts to issue county warrants against the road and bridge fund, and a referendum is necessary, then the bonds of the county may be issued if a majority of the qualified taxpaying voters voting at such an election authorizes the issuance of the bonds.

Very truly yours

APPROVED DEC 12, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ R. J. Long
R. J. Long, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

RJL:BT:wb